UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLOS ANTONIO PINEDA DIAZ,

Petitioner,

v.

WARDEN, MESA VERDE ICE PROCESSING CENTER, *et al*.,

Respondents.

Case No. 1:26-cv-04015 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner Carlos Antonio Pineda Diaz is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus. Dkt. No. 1. For the reasons explained below, the Court GRANTS the petition.

## I. BACKGROUND

Petitioner is a native of Honduras and entered the United States without inspection. Dkt. No. 7-1 at 2. Based on the record before the Court, until his most recent detention, Petitioner was not encountered by immigration authorities at or near the border at the time of entry, and it appears his first interaction with the Department of Homeland Security ("DHS") occurred during his recent arrest. *See id*. at 2–3. On February 12, 2026, Petitioner was pulled over by police and arrested for driving without a license. *Id*. at 3. The Sheriff's Office subsequently turned Petitioner over to U.S. Immigration and Customs Enforcement, and Petitioner has remained detained since. *Id*. at 3.

## II. DISCUSSION

According to Petitioner, 8 U.S.C. § 1226(a)—which provides for a bond hearing—controls his arrest and detention. *See* Dkt. No. 8 at 2–4. He argues that his continued detention without the opportunity for a bond hearing violates his due process rights. *Id*. at 7–9. As a remedy for the Government's unlawful detention, he requests that he immediately be released from custody. *Id*. at 10. Respondents argue in opposition that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and if any relief is granted, only a bond hearing pursuant to § 1226(a) should be ordered given Petitioner's "encounter with law enforcement[.]" Dkt. No. 7 at 2–4.

Respondents' argument that Petitioner's detention is mandatory under § 1225(b)(2) has been overwhelmingly rejected throughout this District as it "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *see also*, *Sandigo Manzanez v. Bondi*, No. 1:25-cv-01536-DC-CKD (HC), 2025 WL 3247258, *3 (E.D. Cal. Sept. 3, 2025) ("[T]he legal arguments Respondents rely upon to support their position that section 1225 applies here have been consistently rejected by a majority of courts in this district, and courts across the country."); *Salgado v. Warden, Golden State Annex,* No. 1:26-CV-03498-NW, 2026 WL 1354728, at *3 (E.D. Cal. May 14, 2026) (collecting cases). The Court concurs with these prior, well-reasoned opinions, and concludes that Petitioner is not subject to mandatory detention under § 1225(b)(2), and that his detention, bond, and release are instead governed by 8 U.S.C. § 1226(a).

Under § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." An authorized immigration official makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge who may release the noncitizen on bond or conditional

parole. *See* 8 C.F.R. § 1236.1(c)(8), (d)(1).

Though Respondents contend that Petitioner's detention is also lawful under § 1226(a), they have not pointed to any evidence or facts indicating that Petitioner was provided the process provided for by § 1226(a), including issuance of a valid warrant, prior to his detention. *See J.A.C.P. v. Wofford,* No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (ordering release where "the government did not comply with the express terms of section 1226 when it detained petitioner, so the Court cannot conclude that he is now detained on that basis."). Ordering a § 1226(a) bond hearing here "would effectively allow the Government to transform an unlawful detention into a lawful one through post-hoc justifications" and would inadequately remedy the harms suffered by Petitioner. *Zheng v. Rokosky*, No. 26-CV-01689, 2026 WL 800203, at *11 (D.N.J. Mar. 23, 2026). Under these circumstances, release is warranted.

## III. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ordered to immediately release Petitioner from custody. If the Government seeks to re-detain Petitioner, it must follow the requirements imposed by to § 1226(a) and its implementing regulations. This order does not address the circumstances under which the Government may detain Petitioner pursuant to a final order of removal.

**IT IS SO ORDERED.**

Dated: August 18, 2026

VINCE CHHABRIA
United States District Judge